UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ERVIN WIMBERLY,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALICIAN, et al.,<br><br>Defendants. | Case No. 19-cv-08316-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Craig Wimberly, a California prisoner currently incarcerated at the San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain of conditions of confinement at that prison. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges the following:

Wimberly worked as a porter and then as the lead porter in a visiting room at San Quentin State Prison, where he was supervised by sergeant Cuevas and others. On an unstated date, Wimberly saw sergeant Cuevas take "6 photo ducats out of the photo box" while Cuevas was showing a new sergeant around the visiting room.[1] Docket No. 1 at 4. Wimberly immediately complained about the "theft" to his supervisor, correctional officer Camacho. *Id.* This apparently irritated sergeant Cuevas.

---

[1] The complaint does not state whether these "ducats" were simply blank forms, or were forms that had been filled out, and/or were forms accompanied by money or photos. In other words, it is not clear why Wimberly was bothered at all by the sergeant's actions.

Sergeant Cuevas told officers not to let Wimberly come to work on his days off any longer (although other inmates were permitted to work for pay on their days off), communicated to staff members to issue disciplinary write-ups against Wimberly whenever possible, and communicated to staff workers to keep Wimberly at work until the entire shift ended. *Id.*

Before Wimberly lodged his grievance, sergeant Cuevas "sexually harass[ed]" Wimberly for a year by saying things such as "how much do I have kestered up my ass?" and "how much do I rent my ass out for?" *Id.* at 4-5. Wimberly filed a grievance on May 15, 2019. The second-level decision on the grievance found that sergeant Cuevas did not violate any policy and the third level response did not adequately address Wimberly's requests.

On April 13, 2019, sergeant Cuevas summoned Wimberly's visitor "to get out of the foodline so [Cuevas] could reiterate what he had previously told her regarding her attire." *Id.* at 6.

A "PREA" investigation was attempted. Sergeant Franco attempted to get Wimberly's signature on a Form 128 regarding a "(purported) PREA investigation" on August 27, 2019. *Id.* at 6. C/O King attempted to interview Wimberly on September 26, 2019, but Wimberly requested a witness and the interview was terminated. C/O DeYoung unsuccessfully attempted to get Wimberly to sign off on the PREA investigation on October 1, 2019.

On November 20, 2019, the Investigative Services Unit (ISU) searched Wimberly's cell. Although the search was documented as a random search, Wimberly states that "ISU does not arbitrarily enter the housing-unit to conduct random cell-searches." *Id.* at 7.

The listed defendants are CDCR Director Kathleen Alician, CDCR Secretary Ralph Diaz, Warden Ron Davis, and sergeant Cuevas. *See id.* at 2-3.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2).

1   *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
2   699 (9th Cir. 1990).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
4   right secured by the Constitution or laws of the United States was violated and (2) that the violation
5   was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
6   (1988).
7       The complaint has several problems that make it necessary for Wimberly to file an amended
8   complaint. As explained below, the complaint states a claim against sergeant Cuevas for retaliation
9   but states no other claim.
10      The complaint fails to state a claim based on sergeant Cuevas' crude remarks about
11  Wimberly's buttocks. Verbal harassment alone is not actionable under 42 U.S.C. § 1983. *See*
12  *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur*
13  *v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th
14  Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v.*
15  *Livingston,* 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally
16  protected right'); *cf. Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("'the exchange of
17  verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons'
18  of which 'we do not approve,' but which do not violate the Eighth Amendment."). Mere verbal
19  sexual harassment also does not amount to an Eighth Amendment violation. *See Austin v. Terhune*,
20  367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of Eighth
21  Amendment claim where prison guard exposed himself for 30-40 seconds and made sexually crude
22  comment to prisoner while guard was in elevated, glass-enclosed control booth). The § 1983 claim
23  against sergeant Cuevas for making crude comments that were perceived by Wimberly to be sexual
24  in nature is dismissed. Leave to amend is granted so that Wimberly may attempt to state a claim, if
25  he has additional facts to suggest that there was something more than non-actionable verbal
26  harassment.
27      Within the prison or jail context, "a viable claim of First Amendment retaliation entails five
28  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

3

1   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise
2   of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
3   correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
4   The *pro se* complaint, liberally construed, states a cognizable retaliation claim against sergeant
5   Cuevas for the adverse actions Cuevas allegedly took in response to the complaint about the "theft"
6   of the ducats and the filing of a grievance by Wimberly.

7   A retaliation claim is not stated with regard to the search of Wimberly's cell by the
8   Investigative Services Unit. Cell searches are commonplace in prison and random cell searches are,
9   by their very nature, unpredictable. No facts are alleged that his cell was searched in response to
10  Wimberly's protected conduct; no facts are alleged to suggest that this particular cell search (given
11  its common and random occurrence) had a chilling effect; and no facts are alleged to suggest that
12  the cell search did not reasonably advance a legitimate correctional goal. Insofar as Wimberly
13  attempts to blame sergeant Cuevas for the cell search, no facts are alleged to plausibly connect
14  Cuevas to the cell search.

15  The complaint alleges that Wimberly received an unsatisfactory response to his inmate
16  appeal. There is no federal constitutional right to a prison or jail administrative appeal or grievance
17  system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also*
18  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th
19  Cir. 1996). An incorrect decision on a grievance or an administrative appeal or failure to handle it
20  in a particular way therefore does not amount to a violation of his right to due process. The claim
21  regarding the handling of the inmate appeal therefore is dismissed without leave to amend.

22  The complaint alleges that an investigation under the Prison Rape Elimination Act (PREA),
23  34 U.S.C. §§ 30301-30309, was unsuccessfully attempted. The PREA has not been found to
24  establish a private cause of action, even for allegations of prison rape. *See Krieg v. Steele*, 599 F.
25  App'x 231 (5th Cir. 2015) (collecting cases); *Tenney v. Baldwin*, 2016 WL 2755171, at *3 (S. D.
26  Ill. 2016) ("the Court finds that the PREA does not create a private cause of action"); *De'Lonta v.*
27  *Clarke*, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that
28  Congress intended to create a private right of action for inmates to sue . . . officials for

noncompliance with the Act"). Therefore, Wimberly does not state a claim upon which relief may be granted under the PREA or for any inadequate handling of a complaint made under the PREA.

The complaint lists the CDCR Secretary, the CDCR Director, and the prison warden as defendants but does not allege that any of them did or failed to do something to violate Wimberly's constitutional rights. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, these defendants do not have liability based on the fact that they are in charge of the prison, correctional system, or alleged wrongdoer. And Wimberly has not alleged facts to show the personal involvement of any of them in the constitutional deprivation or a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). These three defendants are dismissed.

Finally, Wimberly requests that counsel be appointed to represent him in this action. Docket No. 1 at 7. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not present. There does not appear to be a likelihood of success on the merits and the claims do not appear to be at all complex. The request for appointment of counsel therefore is DENIED.

## CONCLUSION

The complaint fails to state a claim other than the claim against sergeant Cuevas for retaliation. The complaint therefore will be dismissed with leave to amend. If Wimberly does not file an amended complaint by the deadline, the action will go forward with only the retaliation claim.

1  If he files an amended complaint, he must be sure to include his retaliation claim in that amended
2  complaint, along with any other claim he alleges in it.

3  Plaintiff must file an amended complaint that complies with the directions in this order no
4  later than **June 1, 2020,** and must include the caption and civil case number used in this order and
5  the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended
6  complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d
7  896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to
8  amend, we will not require that they be repled in a subsequent amended complaint to preserve them
9  for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if
10 not repled.")

11 **IT IS SO ORDERED**.

12 Dated: April 15, 2020

_____
SUSAN ILLSTON
United States District Judge