UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ERVIN WIMBERLY,<br>Plaintiff,<br>v.<br>KATHLEEN ALICIAN, et al.,<br>Defendants. | Case No. 19-cv-08316-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 9 |

Craig Wimberly, a California prisoner currently incarcerated at the San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain of conditions of confinement at that prison. The court dismissed the complaint with leave to amend so that Wimberly could attempt to cure some pleading deficiencies. He then filed an amended complaint. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The amended complaint contains the same text as the original complaint, except that it (1) replaces three high-level defendants (i.e., the Director and Secretary of the CDCR and the San Quentin warden) with three correctional officers, who are sued in addition to sergeant Cuevas; and (2) adds paragraphs 27-36 that consist mostly of legal argument and very few new facts.

Like the original complaint, the amended complaint alleges that Wimberly worked as a porter in a visiting room at San Quentin State Prison and one day reported to his supervisor that he saw sergeant Cuevas take "6 photo ducats out of the photo box." Docket No. 9 at 3-4. This bothered Wimberly because he was "held responsible for the photo-box." *Id.* at 7. Wimberly's report about the "theft" irritated sergeant Cuevas, who thereafter told officers not to let Wimberly come to work

on his days off any longer (although other inmates were permitted to work for pay on their days off), communicated to staff members to issue disciplinary write-ups against Wimberly whenever possible, and communicated to staff workers to keep Wimberly at work until the entire shift ended. *Id.* at 4.

Before Wimberly lodged his grievance, sergeant Cuevas "sexually harass[ed]" Wimberly for a year by saying things such as "how much do I have kestered up my ass?" and "how much do I rent my ass out for?" *Id.* at 4-5. Wimberly filed a grievance on May 15, 2019. *Id.* at 5. His appeal was unsuccessful.

On April 13, 2019, sergeant Cuevas summoned Wimberly's visitor "to get out of the foodline so [Cuevas] could reiterate what he had previously told her regarding her attire." *Id.* at 6.

A "PREA" investigation was attempted, but apparently ended when Wimberly requested a witness and would not sign off on the investigation. *Id.* at 7.

Wimberly received several rule violation reports. Correctional officer (C/O) Didlot issued a rule violation report on June 20, 2019 for possession of money or currency; C/O Costello issued a rule violation report on November 13, 2019 for "behavior which could lead to violence"; and C/O Thomas issued a rule violation report for "failure to meet program/work expectations." *Id.* at 7. The correctional officers were subordinates for sergeant Cuevas, who had enlisted them to erroneously discipline Wimberly. *Id.* at 9.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Within the prison or jail context, "a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The court already determined that Wimberly alleged a cognizable retaliation claim against sergeant Cuevas for the adverse actions Cuevas allegedly took in response to the report about the "theft" of the ducats and the filing of a grievance by Wimberly. Like the original complaint, the amended complaint states a cognizable retaliation claim against sergeant Cuevas.

The amended complaint does not state a retaliation claim against C/Os Didlot, Costello and Thomas, who allegedly issued rule violation reports against Wimberly at the urging of sergeant Cuevas. There is no allegation that these correctional officers knew of sergeant Cuevas' ire at Wimberly or were motivated by Wimberly's complaint about sergeant Cuevas. These correctional officers may have been the instrumentalities used by sergeant Cuevas to retaliate against Wimberly, but the allegations do not show that they acted with their own retaliatory animus. The amended complaint does not allege facts showing that the correctional officers took an adverse action against Wimberly because of his protected conduct or that their actions did not reasonably advance a legitimate correctional goal. Further leave to amend on the retaliation claim is not granted because it would be futile: Wimberly was aware of what he needed to allege a retaliation claim as the court had identified the elements of a retaliation claim in the order of dismissal with leave to amend, and he was unable or unwilling to do so.

Nothing alleged in the amended complaint changes the court's earlier conclusions that Wimberly does not state a cognizable claim based on sergeant Cuevas' crude remarks about Wimberly's buttocks, the search of Wimberly's cell by the Investigative Services Unit, the handling

of Wimberly's inmate appeal, or the PREA investigation. *See* Docket No. 7 at 3-6. Those claims are dismissed without further leave to amend. In sum, the only claim stated in the amended complaint is a claim against sergeant Cuevas for retaliation.

**CONCLUSION**

1. Liberally construed, the amended complaint states a cognizable § 1983 retaliation claim against sergeant Cuevas. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the amended complaint, the order of dismissal with leave to amend (Docket No. 7), and this order upon correctional sergeant A. Cuevas, who reportedly works at San Quentin State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **October 16, 2020**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **November 27, 2020**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **December 24, 2020**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

4

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5.  All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.  Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: July 14, 2020

_____
SUSAN ILLSTON
United States District Judge